UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
TOORAK CAPITAL PARTNERS LLC,

                Plaintiff,

-against-

PRIVATE MONEY LENDERS LLC, *et al.*

                Defendants.
-----------------------------------------------------------------X

Case No. 1:25-cv-06871-ER-HR

**CONFIDENTIALITY
STIPULATION AND PROTECTIVE
ORDER**

**WHEREAS,** all of the parties to this action (collectively, the "Parties" and each individually, a "Party") have agreed to the following terms of confidentiality; and

**WHEREAS,** the Court finds that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

**ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the Parties and any non-parties in connection with this action, both during and after the conclusion of this action:

1.      Counsel for any Party or non-party may designate any document or information, in whole or in part, as confidential ("CONFIDENTIAL") if counsel determines, in good faith, that such designation is necessary to protect the interests of the client or non-party in information that is proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Information"), including, by way of example, non-public banking records, financial account and transaction information, sensitive business records, and internal controls or fraud-related investigative materials. The method for designation is as follows:

      a.      Documents designated by a Party or non-party as Confidential Information will be stamped "CONFIDENTIAL."

1

b.    A Party or non-party may designate deposition exhibits or portions of deposition transcripts as Confidential Information either by: (i) indicating on the record during the deposition that a question calls for Confidential Information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (ii) notifying the reporter and all counsel of record, in writing, within 30 calendar days after the witness' (or witness' counsel's) receipt of the final deposition transcript, of the specific pages and lines of the transcript and/or exhibits that are to be designated "CONFIDENTIAL," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following receipt of the transcript by the witness, all Parties will treat the entire deposition transcript as if it had been designated "CONFIDENTIAL."

c.    Any Party who in good faith requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances) may at any time prior to the trial of this action serve upon counsel for the receiving Party a written notice stating with particularity the grounds for the request.

2.    The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the current action.

3.    In the event a Party challenges another Party's designation of confidentiality or request for additional limitations of disclosure, counsel shall make a good faith effort to resolve the dispute. In the absence of a resolution, the challenging Party may seek resolution by the Court pursuant to Judge Ramos Individual Rules of Practice in Civil Cases, or, if discovery is referred to Magistrate Judge Ricardo, then pursuant to Magistrate Judge Ricardo's Individual Rules of

Practice in Civil Cases. The document or information marked as "CONFIDENTIAL" shall be treated as so marked pending the resolution of any such dispute.

4. Nothing in this Order constitutes an admission by any Party that Confidential Information disclosed in this case is relevant or admissible. Each Party reserves the right to object to the use or admissibility of the Confidential Information.

5. Documents and testimony designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

a. The requesting Party and counsel, including in-house counsel;

b. Employees of such counsel assigned to and necessary to assist in the litigation;

c. Employees, officers, directors and agents of the Parties necessary to assist in the litigation, provided they are instructed to maintain the Confidential Information pursuant to the terms of this Order;

d. Consultants, vendors, or stenographers retained by counsel in connection with this matter, provided they are instructed to maintain the Confidential Information pursuant to the terms of this Order;

e. The Court (including any mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court);

f. Trial witnesses and deposition witnesses who are competent to testify concerning the contents of the documents containing Confidential Information, including, but not limited to, any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action;

g. As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

3

h.      Mediators and/or other neutrals appointed to conduct any settlement proceedings or negotiations between the Parties; and

i.      Other persons as determined by mutual agreement of the Parties or the Court prior to such disclosure.

6.      Prior to disclosing the Confidential Information to any person, counsel must:

a.      Inform the person of the confidential nature of the information or documents;

b.      Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

c.      With respect to persons identified in Paragraph 5.f, Paragraph 5.m, or as otherwise agreed by the parties, require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

7.      The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of either Party's right to designate such document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order. If Confidential Information is produced without such document or information being designated as "CONFIDENTIAL," upon notice by either Party that such document or information contains Confidential Information, the other Party: (i) must promptly sequester the specified Confidential Information and any copies thereof; (ii) must not use or disclose the Confidential Information until the Parties resolve the assertion that such document or information contains Confidential Information; (iii) must take reasonable steps to retrieve the Confidential Information if it disclosed Confidential Information before being notified; and, (iv) if the other Party disputes

the new designation, shall meet and confer with the noticing Party, with any unresolved disputes submitted to the Court, and the disputed Confidential Information submitted to the Court under seal, if necessary. Notwithstanding the foregoing, if a document or information has been marked as a deposition exhibit or publicly filed with the Court prior to either Party designating the document or information as "CONFIDENTIAL," then the noticing Party shall bear the burden and expense of updating the relevant record, including with respect to filing appropriate papers with the Court to remove or seal the document or information from the public record. If a producing Party or non-party believes that previously produced Confidential Information warrants additional limitations, the Parties shall follow the meet-and-confer process set forth herein; pending resolution, the material shall be treated as "CONFIDENTIAL."

8.     Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, taxpayer identification numbers, passwords, dates of birth, and other information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving Party in a secure manner. In the event that the receiving Party experiences a data breach that reasonably may compromise such information, it shall promptly notify the producing Party/non-party and cooperate in good faith to address and remediate the breach. Nothing herein shall preclude the producing Party/non-party from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving Party's failure to appropriately protect PII from unauthorized disclosure.

9.     Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

5

Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

10.    Documents may be filed under seal only as provided in the Individual Rules and Procedures of the assigned District Judge and the Court's rules and procedures. The Parties shall follow those and other applicable Court procedures and Federal Rules of Civil Procedure (including Rule 5.2) in connection with filing confidential material or information under seal. The Parties shall provide at least five business days' notice to the designating Party or non-party if they seek to file Confidential Information (including AEO Information) publicly without redaction, so that the designating Party or non-party may, if necessary or appropriate, raise objections to the intended disclosure and/or file papers with the Court consistent with the assigned District Judge's Individual Rules and Procedures or, as appropriate, Rule II.B.1 of Magistrate Judge Ricardo's Individual Rules of Practice in Civil Cases.

11.    At the conclusion of litigation, Confidential Information (including AEO Information) and any copies thereof shall be promptly returned to the producing Party or certified as destroyed, except that the Party and/or Parties' counsel shall be permitted to retain their working files on the condition that those files will remain subject to the requirements of this Order.

12.    Nothing in this Order shall be construed to alter or modify any Parties' rights or obligations under any contract, agreement, or other documents giving rise to this lawsuit. Further, nothing in this Order shall be construed to prohibit a Party from producing Confidential Information (including AEO Information) in their possession pursuant to a subpoena, order or other official request issued by any court, provided that the producing Party shall (i) give the designating Party/non-party notice of such subpoena, order or request promptly in writing; (ii) furnish the designating Party/non-party with a copy of such subpoena, order or request; and (iii)

6

give the designating Party/non-party sufficient advance notice of any intended disclosure so that the designating Party/non-party may, if necessary or appropriate, raise objections to the intended disclosure. The designating Party/non-party shall promptly inform the notifying Party if the designating Party/non-party intends to move to quash or otherwise formally oppose the subpoena. The Parties shall not produce any of Confidential Information for a period of at least five business days after providing the required notice to the designating Party/non-party, unless the subpoena, order or request requires production on an earlier date. Should the designating Party/non-party move to quash or otherwise formally oppose the subpoena, the notifying Party will not produce the implicated Confidential Information until the designating Party's/non-party's attempt to quash or otherwise formally oppose the subpoena is resolved, unless ordered to do so by the Court having jurisdiction over such subpoena.

13.     The Parties acknowledge that the Court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to information that the Parties have redacted, sealed or designated as confidential.

**SO STIPULATED AND AGREED.**

Dated: February 17, 2026

Dated: February 17, 2026

**OFFIT KURMAN, P.A.**

**CAMARINOS LAW GROUP, LLC**

By: ___ */s/ Stephen M. Forte* _____
    Jason A. Nagi, Esq.
    Stephen M. Forte, Esq.
590 Madison Ave., 6th Floor
New York, NY 10022
Tel. (929) 476-0042
Stephen.Forte@OffitKurman.com
Jason.Nagi@OffitKurman.com

By: ___ */s/ Michael D. Camarinos* ___
    Michael D. Camarinos, Esq.
411 Hackensack Avenue, 2nd Fl.
Hackensack, NJ 07601
Tel. (201) 564-5291
mcamarinos@esqs.com

*Attorneys for Plaintiff/Counterclaim-Defendant*
*Toorak Capital Partners, LLC*

*Attorneys for Defendants/Counterclaimants*
*Private Money Lenders, LLC; PML Facility,*

*LLC; PML Funding, LLC; PML North LLC; and Payam "Peter" Pedram*

**SO ORDERED.**

Dated:  New York, New York
        February 18, 2026

_____
The Honorable Edgardo Ramos
U.S. District Judge

## **EXHIBIT A**

### **Agreement**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the above-captioned matter have been designated as confidential ("CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"). I have been informed that any such documents or information labeled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" are confidential by Order of the Court. I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than the above-referenced litigation.

Dated: _____, 20_____

Name (printed) _____

Signature _____

Signed in the presence of:
(Attorney) _____

4904-0951-3872, v. 1

9